*Vivas & Correa* for defendant.

---

## TERRITORY OF HAWAII *v.* LAM YIP KEE.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED OCTOBER 8, 1909.            DECIDED OCTOBER 18, 1909.

### HARTWELL, C.J., WILDER AND PERRY, JJ.

COMMERCE, INTERSTATE—*original packages.*

Defendant received in Honolulu a consignment from California of five wooden cases each addressed to him and each containing

five tins, each of the latter in turn containing twenty 5 tael tins
of opium. Each of the 5 tael tins bore the marks and stamps
placed on them by the custom house officer at San Francisco
upon the original importation from Hong Kong, as required by
treasury regulations. Held, under the decisions relating to the
interstate commerce clause of the constitution, the wooden cases
and not the 5 tael tins were the "original packages."

OPINION OF THE COURT BY HARTWELL, C.J.

The defendant, being charged with having sold opium unlawfully in Honolulu April 30, 1909, in violation of the provisions of Sec. 1399 R. L., was found guilty and sentenced to a fine of $50 and costs. He is shown to have sold a 5 tael tin of opium received in a consignment to him from San Francisco of five large wooden cases each addressed to him and each containing five tins with twenty of the 5 tael tins in each, so that each case contained one hundred 5 tael tins. The cases were originally shipped by a Chinese firm in Hong Kong to one Playfair in San Francisco and purchased by the defendant from a San Francisco Chinese firm, purchasers probably from Playfair. Upon receiving the consignment the defendant opened one of the wooden cases and removed therefrom the 5 tael tin. Each 5 tael tin had affixed thereon a custom's stamp as required by Art. 311 Customs Reg. of 1908 relative to foreign importations showing date of importation, March 23, 1909; name of importer, Playfair; of the vessel, S. S. China; port of entry, San Francisco; officer's signature, J. N. Thornton, with the printed words "duty paid." The stamp was affixed in such manner that it would be broken or defaced on opening the tin.

The defendant's exceptions relate to his claim that the 5 tael tin was an original package, recognized and treated as such by U. S. Custom House officers acting under regulation made pursuant to an act of congress, and therefore that its sale in that form could not constitutionally be prohibited in California or

prevented by any law of Hawaii from becoming an article of interstate commerce.

The wooden case of opium imported into San Francisco was the package which was shipped at Hong Kong whatever was done with it and its enclosed containers by custom's officials, unless the regulation requiring before delivery to the importer of any opium prepared for smoking, "each 5 tael box or other package of the merchandise as imported" shall be stamped and marked, changed the nature of the original package. We do not consider that this was the intention or legal effect of the treasury regulation. The opening of the cases by the custom house officials and stamping the smaller containers enclosed therein did not make any of the smaller containers original packages within the meaning of law and under the decisions relating to the interstate commerce clause of the constitution. *Brown* v. *Maryland,* 12 Wheat. 419; *Low* v. *Austin,* 13 Wall. 29; *Leisy* v. *Hardin,* 135 U. S. 100; *Vance* v. *Vandercook Co.,* 170 U. S. 438; *Am. Steel & Wire Co.* v. *Speed,* 192 U. S. 500; *Austin* v. *Tennessee,* 179 U. S. 343; *Cook* v. *Marshall County,* 196, U. S. 261.

Exceptions overruled.

*F. W. Milverton, Deputy City and County Attorney (J. W. Cathcart, City and County Attorney* with him on the brief), for plaintiff.

*E. A. Douthitt* for defendant.